UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY RALPH DIAZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00349-NONE-JDP<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE 1:19-cv-01358-NONE-BAM<br><br>THIRTY-DAY DEADLINE |

Plaintiff Lawrence Christopher Smith is a state prisoner proceeding without counsel in this action. Plaintiff filed the complaint commencing this action on March 3, 2020. ECF No. 1. The case was transferred to this district the same week, ECF No. 5, and plaintiff was ordered to apply to proceed in forma pauperis or pay the filing fee, ECF No. 8. Plaintiff moved to proceed in forma pauperis on March 30, 2020, ECF No. 12, and the court received his trust fund account statement on April 1, 2020. As it appears that plaintiff filed a complaint against many of the same defendants based on similar allegations in *Smith v. Becerra*, No. 1:19-cv-01358 at ECF No. 1, the court will order plaintiff to show cause why this case should not be dismissed as duplicative before deciding the pending motion.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574

(10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 497 F.3d at 689. *See also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal quotation marks and citation omitted) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

On February 14, 2019, plaintiff filed a complaint that was also transferred to the Eastern District of California and which is proceeding in *Smith v. Becerra*, No. 1:19-cv-01358. That case was unassigned from a district judge following the retirement of Chief Judge O'Neill on February 3, 2020. One month later, plaintiff filed the complaint commencing this action, attaching the order unassigning the district judge.[1]

In both cases plaintiff provides a laundry list of allegations against dozens of defendants, including retaliation in the form of physical abuse against him for filing previous lawsuits. *See* ECF No. 1. In both cases, plaintiff seeks monetary damages. While the allegations and the list of defendants are not identical, they do not appear to significantly differ.

---

[1] Plaintiff's case that was unassigned is still active. To the extent that plaintiff believed he needed to file a new complaint in response to the order unassigning the district judge, that was a misinterpretation of the order.

2

Thus, it appears that this case is duplicative of *Smith v. Becerra*, No. 1:19-cv-01358. Accordingly, it is hereby ordered that within thirty days from the date of service of this order, plaintiff shall show cause why this case should not be dismissed as duplicative. If plaintiff does not wish to pursue this case, he may file a notice of dismissal. If plaintiff fails to file a response, we will recommend that this case be dismissed.

IT IS SO ORDERED.

Dated: April 2, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.