UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00349-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION[1]<br><br>(Doc. No. 3)<br><br>14-DAY OBJECTION PERIOD |

Before the Court is Plaintiff's motion for preliminary injunction and/or temporary restraining order filed on March 3, 2020.[2] (Doc. No. 3). In summary, Plaintiff seeks emergency injunctive relief directing correctional officials at California State Prison, Corcoran to alter Plaintiff's incarceration and/or housing location and conditions and alter Plaintiff's treatment regimen for his various medical issues. (*Id*. at 15-16, "Motion"). For the reasons stated below, the undersigned recommends Plaintiff's motion be denied.

///

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] This case was reassigned to the undersigned on November 17, 2020. (Doc. No. 26). The instant motion was not initially showing as a motion in any pending motions reports.

# BACKGROUND

Plaintiff Lawrence Christopher Smith ("Plaintiff"), a state prisoner, initiated this action on March 3, 2020 in the Northern District of California by filing a *pro se*, 42 U.S.C. § 1983 complaint alleging retaliation in violation of the First Amendment and cruel and unusual punishment and deliberate indifference in violation of the Eighth Amendment, while housed at California State Prison, Corcoran ("CSP-Corcoran"). (Doc. No. 1). The complaint and motion were transferred to this Court. (Doc. No. 5). The complaint, which awaits screening by the Court pursuant to 28 U.S.C. § 1915, names twenty-five defendants, the bulk of whom are CSP-Corcoran correctional officers. (*Id.* at 3-5). Among the complaint's many allegations are that Plaintiff was denied the medical care regimen devised by an outside physician in apparent retaliation for the numerous complaints Plaintiff has filed against correctional officials. (*Id.* at 9-10). On April 2, 2020, the former assigned magistrate judge issued an order to show cause why this case should not be dismissed as duplicative. (Doc. No. 16). After requesting three extensions of time, Plaintiff filed a 65-page response to the April 2, 2020 order to show cause on July 23, 2020. (Doc. No. 23). Upon preliminary review of the complaints in each action, it appears that not all of the claims appear to be duplicative of claims Plaintiff raised in his previous action.

In his motion *sub judice*, Plaintiff reiterates the claims he raised in his complaint, namely that he was denied proper medical care in retaliation for his frequent filings of complaints and grievances. (*See generally* Doc. No. 3). Plaintiff avers CSP-Corcoran staff blocked Plaintiff from visiting the prison's medical unit despite being "violently ill" with diarrhea in September 2019. (*Id.* at 3, 6). In October 2019, Plaintiff allegedly was sent to Adventist Health Bakersfield due to "severe chest and abdominal pain, blood in my stool, respiratory distress, high blood pressure, dehydration and vomiting." (*Id.* at 6). Adventist Health diagnosed Plaintiff with Gastroesophageal Reflux Disease ("GERD") and advised him to consume a high fiber diet and sleep on a foam mattress. (*Id.*).

After being released from Adventist Health, Plaintiff was examined on at least two different occasions by two CSP-Corcoran physicians, Dr. Clark and Dr. Benito. (Doc. No. 3 at 8-10). Both doctors disagreed with Adventist Health's treatment regimen for Plaintiff's GERD and

prescribed unidentified "medication" instead of a low fiber diet and a foam mattress.  (*Id.*).  Plaintiff alleges this decision was premised not on the medical evidence but as retaliation for Plaintiff's frequent complaints against correctional officials and claims his continued housing within CSP-Corcoran puts him at risk for future unidentified retaliatory acts.  (*Id.* at 11).

Plaintiff seeks emergency injunctive relief directing state correctional officials  (1) to remove Plaintiff from CSP-Corcoran; (2) to house Plaintiff in a "General Population facility with an [sic] medical wing commensurate with [his] needs"; (3) to prohibit Plaintiff from being housed in a Security Housing Unit; (4) to provide Plaintiff with a foam mattress; (5) to send Plaintiff for an examination and treatment by independent doctors not associated with CSP-Corcoran; and (6) to provide Plaintiff with food consistent with a high fiber diet. (Doc. No. 3 at 15-16).  In support of his requests for outside medical treatment, Plaintiff makes repeated references to Rule 35.  (*Id.*).

## APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and limits their issuance to where "notice to the adverse party" has been given.  Fed. R. Civ. P. 65(a).   Local Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order which includes a provision for a bond.  A preliminary injunction is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A preliminary injunction will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases,

"[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

## DISCUSSION AND ANALYSIS

The undersigned finds Plaintiff has failed to satisfy his burden to justify issuance of a preliminary injunction. As a threshold matter, Plaintiff has not complied with Local Rule 231(d). There is no showing of actual or attempted notice and a provision for bond is not included in his proposed orders. (*See* Doc. No. 3 Exs. 1-2).

Further, the Court lacks jurisdiction over Defendants because they have yet to be served. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). To dictate defendants' actions when they were not given the opportunity to respond to Plaintiff's preliminary injunction motion would violate the Ninth Circuit's holding in *Zepeda*.

Plaintiff's preliminary injunction motion also fails because it is not narrowly tailored or the least intrusive means to avoid the alleged harm. The preliminary injunction motion requests the Court dictate where and what security level plaintiff can be housed in, which medical doctors Plaintiff must receive treatment from, the type of food he is served and the type of mattress he sleeps on. These requests go well beyond the "constitutional minimum" the Court can order prison officials to meet. *Gilmore*, 220 F.3d at 998-99. Put differently, the Court granting Plaintiff's motion would usurp the authority of the prisons to dictate the conditions of their inmates' confinement beyond meeting the constitutional minimum – a step this Court will not take.

Moreover, the other *Winter* factors weigh against Plaintiff. Plaintiff has made no showing he *will* suffer irreparable harm because his assertion that he will face continued retaliation is purely speculative. The acts Plaintiff complains occurred a year before he filed the instant action. And while Plaintiff disagrees with the medical opinions of CSP-Corcoran's physicians, Plaintiff's admits he is being treated by CSP-Corcoran staff and has been referred to outside physicians when his conditions necessitate additional care.

Finally, Plaintiff cites to Federal Rule of Civil Procedure 35 in moving for examinations by an outside doctor. (Doc. No. 3 at 16). Rule 35 permits the court to order a party whose physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35 (a)(1). Motions under Rule 35 overwhelmingly involve defendants seeking to examine a plaintiff's whose health is at issue. *Azevedo v. City of Fresno*, 2009 WL 5216877, at *2 (E.D. Cal. Dec. 30, 2009). Here, it is plaintiff seeking the examination despite Rule 35 not allowing "for a physical examination of oneself." *Berg v. Prison Health Servs.*, 376 F. Appx. 723, 724 (9th Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (holding that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party.").

The undersigned finds it lacks jurisdiction over defendants because defendants have not

been served and finds no extraordinary circumstance to warrant issuance of a temporary restraining or preliminary injunction and recommends Plaintiff's motion should be denied.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion for preliminary injunction and/or temporary restraining order motion (Doc. No. 3) be DENIED.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  November 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE