1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
LAWRENCE CHRISTOPHER SMITH,

Case No.  1:20-cv-00349-JLT-HBK (PC)

12
Plaintiff,

FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]

13
v.

14
RALPH DIAZ, et al.,

(Doc. No. 35)

15
Defendants.

FOURTEEN-DAY OBJECTION PERIOD

16

17
        Plaintiff Lawrence Christopher Smith (Plaintiff) is a state prisoner proceeding pro se and

18
*in forma pauperis* on his First Amended Complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. No.

19
35).  For the reasons set forth below, the undersigned recommends that the district court dismiss

20
the First Amended Complaint with prejudice.

21
**SCREENING REQUIREMENT**

22
        A plaintiff who commences an action while in prison is subject to the Prison Litigation

23
Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief

24
against a governmental entity, its officers, or its employees before directing service upon any

25
defendant.  28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and

26
dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon

27
_____

28
[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1   which relief may be granted, or if it seeks monetary relief from a defendant who is immune from

2   such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3       At the screening stage, the court accepts the factual allegations in the complaint as true,

4   construes the complaint liberally, and resolves all doubts in the plaintiff's favor.  *Jenkins v.*

5   *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

6   2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or

7   unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

8   1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

9   basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

10      The Federal Rules of Civil Procedure require only that a complaint include "a short and

11  plain statement of the claim showing the pleader is entitled to relief. . .."  Fed. R. Civ. P. 8(a)(2).

12  Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

13  factual detail to allow the court to reasonably infer that each named defendant is liable for the

14  misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

15  572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

16  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

17  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

18  required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

20  to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

21  2009) (internal quotation marks and citation omitted).

22      The Rules permit a complaint to include all *related claims* against a party and permit

23  joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of

24  transactions or occurrences" where "any question of law or fact common to all defendants will

25  arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules prohibit

26  conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  A litigant

27  must file unrelated claims in separate lawsuits.

28      If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant

is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a *pro se* litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . .."  *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## SUMMARY OF OPERATIVE PLEADING

Plaintiff initiated this action on March 3, 2020 in Northern District of California.  (Doc. No. 1).  The action was transferred to this Court.  (Doc. No. 4).  The complaint was one of several complaints filed by Plaintiff in which he asserted conspiratorial actions by government officials, prison staff, and correctional administrators.  *See*, *e.g.*, *Smith v. Chanelo*, Case No. 1:16-cv-1356-DAD-BAM; *Smith v. Campbell*, Case No. 1:19-cv-00271-AWI-BAM; and *Smith v. Becerra*, Case No. 1:19-cv-1358-DAD-BAM.  The initial complaint comprised 116 pages, with exhibits, and named twenty-six different defendants.  (Doc. No. 1).  Prior to screening, the former assigned magistrate judge ordered Plaintiff to show cause why the court should not dismiss the action as duplicative of Case No. 1:19-cv-1358-DAD-BAM.  (Doc. No. 16).  After granting Plaintiff multiple extensions of time to respond to the show cause order, the then assigned magistrate judge granted Plaintiff *in forma pauperis* status. (Doc. No. 25).[2]

Upon screening the initial complaint, the undersigned found it improperly joined numerous unrelated claims and defendants and failed to state any claim.  (Doc. No. 33).  The screening order, in detail, considered each of the potential unrelated claims, appraised Plaintiff of the law, and afforded him three options: (1) file an amended complaint; (2) stand on his initial

---

[2] The Court construes the grant of *in forma pauperis* status as an implied discharge of the show cause order.  Nonetheless, upon a cursory review it appears the complaints in both cases raised a number of duplicative claims.

1  complaint subject to the undersigned recommending that the district court dismiss the action; or

2  (3) file a notice to voluntarily dismiss this action to avoid a strike.  (*Id*.).  The Court further

3  expressly cautioned Plaintiff "that he may not continue to assert unrelated claims in this lawsuit and

4  that continued assertion of unrelated claims in violation of Rules 18 and 20, and the Court's prior

5  orders in this and other actions, will be considered bad faith and grounds for sanctions, including

6  dismissal.  *See, e.g.*, Fed. R. Civ. P. 11."  (*Id*. at 11).  In response to the screening order, Plaintiff

7  opted to file a First Amended Complaint.  (Doc. No. 35, "FAC").

8          The FAC identifies twenty-one different Defendants, including the California Attorney

9  General Xavier Becerra, the Board of Supervisors for Kings County, the District Attorney for

10  Kings County, Ralph Diaz, former Secretary of the California Department of Corrections and

11  Rehabilitation (CDCR), the Warden, Associate Warden and Chief Medical Officer of California

12  State Prison (CSP), Corcoran, and numerous correctional officials.  (Doc. No. 35 at 5).  The FAC

13  raises numerous unrelated claims against unrelated Defendants stemming from events that

14  occurred in 2016, 2017, 2019 and 2020.  (*See generally* Doc. No. 35).

15          The FAC lumps together the following unrelated events in Claim 1, which he identifies as

16  "a denial of medical care as act of retaliation of the First Amendment."  (*Id*. at 7).   In support,

17  Plaintiff states officials "rushed" him to an outside hospital on October 7, 2019, because he was

18  "violently ill."  (*Id*. at 6).  At the hospital, Plaintiff received treatment for anemia and

19  gastroesophageal reflux.  (*Id*.).  Upon discharge an unspecified person "suggested" Plaintiff

20  "receive a foam wedge in order to help alleviate the symptoms of GRD that [he] suffer[s] from at

21  night."  (*Id*. at 6-7).  First, Plaintiff faults unspecified officials because he did not receive the

22  foam wedge when he returned to CSP, Corcoran.  (*Id*. 7).

23           Second, Plaintiff alleges an Eighth Amendment deliberate indifference claim against

24  Defendants Clark, John Doe II[3], Bell, and McDaniel because these individuals "inexplicably

25  denied" Plaintiff's medical grievance concerning the denial of the foam wedge.  (*Id*.).

26          Third, liberally construed, Plaintiff alleges a First Amendment retaliation claim against

27

28  [3] Plaintiff does not name a John Doe I.

4

Defendant Ralph Diaz, the former Secretary for CDCR.  In support, Plaintiff states on an unspecified date Diaz "authorized the offensive conduct against [Plaintiff by subordinate personnel at CSP-Corcoran" because Plaintiff filed lawsuits against correctional staff.  (*Id*.). Plaintiff also concludes this undefined "offensive conduct" was taken in retaliation for Plaintiff's "actions of self-defense" on December 5, 2016, which resulted in serious injuries to a correctional guard.  (*Id*.).

Fourth, Plaintiff assigns liability to Defendant Xavier Becerra for taking part in the retaliatory conduct by obtaining "a false criminal conviction" in San Diego Superior Court against Plaintiff on March 30, 2016.  (*Id*.).

Fifth, Plaintiff attributes liability to Deputy Attorney General Aldo Zills because he partook in retaliatory conduct when he submitted a "sham affidavit" in a 2010 civil action in which Plaintiff was falsely accused by another deputy attorney general of sexual harassment. (*Id*.).

Sixth, Plaintiff states individuals from the Kings County brought false charges against him for gassing a correctional officer on November 30, 2017.  Plaintiff claims the repeated filing of false charges against him are evidence of "conspiratorial conduct" by Defendant Becera.  (*Id*.).

Seventh, Plaintiff states Defendants Diaz, Becerra, Clark, Edwards, Fagundes, and the County of Kings Board of Supervisors subjected Plaintiff him to unconstitutional conditions of confinement.  (*Id*. at 7).  The unconstitutional conditions of confinement included various incidents where he was denied access to the courts, denied medical care, subjected to excessive force, and falsely charged in numerous incident reports.  (*Id*. at 7-8).  Plaintiff faults Defendant Fagundes, the Kings County District Attorney, because he refused to criminally charge anyone in connection with any of these criminal acts that went on "for nearly ten (10) years."  (*Id*.).

In his Claim 2, Plaintiff again compiles together many unrelated events in a rambling fashion.  (*Id*. at 8-10).  First, Plaintiff complains he was denied meals because he was placed on a program called "weigh dosing."  (*Id*. at 8).  In protest, on January 14, 2020, Plaintiff refused to exit a shower stall demanding to be moved to a different housing unit so that he would be fed. (*Id*.).  In response, Defendant Lesniak authorized Defendant Cruz to order Defendant Greene to

spray Plaintiff in the face with OC pepper spray.  (*Id*.).  Plaintiff required immediate medical treatment for "respiratory distress."  (*Id*.).  Defendants Lesniak, Obelrander, Cruz, Greene, Markons, Medina, Perez, Reynoso, Rollins, and Payne wrote false reports against Plaintiff to support the actions Defendant Cruz took on January 14, 2020.  (*Id*. at 9).  Plaintiff was charged with a disciplinary infraction for willfully delaying a peace officer in the performance of his duties.  (*Id*.).  Defendant Randolph found Plaintiff guilty at the disciplinary hearing.  (*Id*.).  Plaintiff attributes liability against former CDCR Secretary for this "offensive conduct" because Plaintiff filed lawsuits against correctional staff.  (*Id*.).

Next, liberally construed, Plaintiff alleges an Eighth Amendment failure to protect claim and deliberate medical indifference claim stemming from an attack by "unknown assailants" who slammed him against his cell door, repeatedly punched him in the face and ribs, and finally threw him into his assigned cell.  (*Id*.).  The events occurred while unidentified correctional officers were escorted Plaintiff back to his cell after he received medical treatment for the OC spray. (*Id*.).  When he entered his cell, his personal property was missing.  Plaintiff also claims he did not receive medical care for "several hours" after this physical attack.  (*Id*.).

Plaintiff then lists "Additional Claims" in his FAC.  (*Id*. at 11).  Plaintiff groups these claims into two sets.  The first set (identified as claims a-e) stem from the facts in Claim 1.  The second set, (identified as a-i) stem from the facts in Claim 2.  Both sets are merely one-sentence conclusory statements.  (*Id*. at 11).

As relief, Plaintiff seeks unspecified compensatory damages for his physical and psychological injuries and unspecified punitive damages.  (*Id*. at 13).  Additionally, Plaintiff requests removal of the disciplinary charge stemming from the January 14, 2020, incident from his file.  (*Id*.).

## APPLICABLE LAW AND ANALYSIS

### A.  The FAC Violates Rule 8

Rule 8 states that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A district court has the power to dismiss a complaint when a plaintiff does not comply with Rules 8's pleading directives.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996);

*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  When the factual elements of a cause of action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674.  Under Rule 8, allegations of facts that are extraneous and not part of the factual basis for the particular constitutional claim are not permitted. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff provide too much information).  The FAC is rambling and is a collection of run-on sentences interspersed with random facts.  The FAC fails to comply with Rule 8 due to its failure to state short and plain statements.  The undersigned recommends dismissal because the FAC's does not comply with Rule 8.

### B.  Misjoinder of Unrelated Claims

Further, the Rules only allow a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added).  But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.  A plaintiff must file unrelated claims in separate lawsuits.  *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom.  *K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The FAC is disjointed and alleges disparate claims against multiple state prosecutors, county officials and correctional staff spanning a four-year period.  (Doc. No. 35 at 11-12).  To interrelate these various claims, Plaintiff characterizes the claims as stemming from a conspiracy to retaliate against him for filing lawsuits.  As noted above, the court expressly warned Plaintiff that he may not continue to assert unrelated claims and told him if he disregarded the Court's instruction that his actions would be considered bad faith and grounds for sanctions, including dismissal.  (Doc. No. 33 at 11:1-4).  Other courts gave Plaintiff the same instruction and warning and despite these admonishments Plaintiff disregarded those courts' instructions, resulting in the

1    dismissal of his other cases. *Smith v. Becerra*, No. 1:19-cv-01358-NONE-BAM, 2020 WL

2    1923170 (E.D. Cal. Apr. 21, 2020), *report and recommendations adopted* 2020 WL 4803279

3    (E.D. Cal. Aug. 18, 2020) (detailing misjoined claims after rules to the contrary and dismissing

4    action with prejudice); *Smith v. Campbell*, No. 1:19-cv-00271-AWI-BAM, 2021 WL 1022725

5    (E.D. Cal. Mar. 17, 2021) *report and recommendations adopted*, 2021 WL 1402282 (E.D. Cal.

6    Apr. 14, 2021) (same).  Again, this Court explicitly instructed Plaintiff that he could not

7    commingle unrelated claims and warned him, if he failed to heed this instruction, the Court would

8    recommend dismissal of the action as a sanction for bad faith.  Consequently, the undersigned

9    recommends dismissal because the FAC misjoins claims and defendants.  Further, the

10   undersigned recommends dismissal as a sanction for Plaintiff's blatant disregard of this Court's

11   instructions.

12          **C.  Failure to State a Claim**

13          Despite instructing Plaintiff of the law in its screening order, the FAC suffers from the

14   same deficiencies and does not state any cognizable claim.  To connect these unrelated claims,

15   Plaintiff submits that each of the actions were part of an effort authorized by former Secretary

16   Diaz in retaliation for Plaintiff initiating § 1983 action.  (Doc. No. 35 at 7).  Essentially, Plaintiff

17   alleges a conspiracy among the various Defendants.  To establish a conspiracy to violate one's

18   rights under §1983, a plaintiff must plead facts supporting "(1) the existence of an express or

19   implied agreement among the defendant officers to deprive him of his constitutional rights, and

20   (2) an actual deprivation of those rights resulting from that agreement." *See Avalos v. Bacca*, 596

21   F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).  Plaintiff's

22   FAC is devoid of any facts showing an express or implied agreement or "meeting of the minds"

23   among the twenty-six different Defendants to deprive him of his constitutional rights.  *Crowe v.*

24   *County of San Diego*, 608 F. 3d 406, 440 (9th Cir. 2010).  Further, as discussed in further detail

25   below, Plaintiff's FAC fails to allege a cognizable claim as to any deprivation of any

26   constitutional rights.  Therefore, the FAC fails on both prongs required to prove a conspiracy.

27          **1.  Eighth Amendment – Medical Deliberate Indifference**

28          Deliberate indifference to the serious medical needs of an incarcerated person constitutes

8

1   cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429
2   U.S. 97, 104 (1976).  A showing of medical deliberate indifference requires two elements: (1) a
3   serious medical need or condition (determined objectively) and (2) a mental state of disregard by
4   the defendant in response (determined by defendant's subjective state of mind). *Toguchi v.*
5   *Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  On the objective prong, a "serious" medical need
6   exists if the failure to treat "could result in further significant injury" or the "unnecessary and
7   wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  On the
8   subjective prong, a prison official must know of and disregard a serious risk of harm. *Farmer v.*
9   *Brennan*, 511 U.S. 825, 837 (1994).  Such indifference may appear when a prison official
10  intentionally denies or delays care, or intentionally interferes with treatment once prescribed.
11  *Estelle*, 429 U.S. at 104-05.

12          A difference of opinion between medical professionals—or between the plaintiff and
13  defendant—generally does not amount to deliberate indifference. *Toguchi* , 391 F.3d at 1057.
14  2004).  An argument that more should have been done to diagnose or treat a condition generally
15  reflects such differences of opinion and not deliberate indifference. *Estelle*, 429 U.S. at 107.  To
16  prevail on a claim involving choices between alternative courses of treatment, a plaintiff must
17  show that the chosen course "was medically unacceptable under the circumstances," and was
18  chosen "in conscious disregard of an excessive risk" to the plaintiff's health. *Hamby v.*
19  *Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

20          Plaintiff admits that officials took him to an outside hospital on October 7, 2019, where he
21  received treatment for anemia and gastroesophageal reflux.  (*Id*. at 6).  Upon discharge, an
22  unspecified person "suggested" that Plaintiff "receive a foam wedge in order to help alleviate the
23  symptoms of GRD that [he] suffer[s] from at night."  (*Id*. at 6-7).  Unspecified Defendants did not
24  provide Plaintiff with the foam wedge at CSP, Corcoran and he became "ill."  (*Id*. at 7).

25          The FAC is devoid of any facts and instead relies solely on conclusory or vague
26  allegations.  Although the court liberally construes pro se pleadings, *Haines v. Kerner*, 404 U.S.
27  519, 520-21 (1972), conclusory and vague allegations are not adequate to support a cause of
28  action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation

of a civil rights complaint may not supply essential elements of the claim that a litigant did not initially plead.  *Id.*  Plaintiff acknowledges it was "suggested" he be provided a foam wedge meaning he was not medically required to have a foam wedge.  There are no allegations that Plaintiff was prescribed a foam wedge or needed one, the absence of which would result in a serious medical condition.  Moreover, there are no facts identifying who denied Plaintiff a foam wedge.  As a result, the FAC does not allege a cognizable claim for medical deliberate indifference under the Eighth Amendment against any Defendant.

### 2.   Grievance Process

Inmates lack a constitutional right to a grievance procedure, and there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes the process to be unfair or not accurate.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff states he filed a grievance because unspecified Defendants did not comply with unspecified medical orders after his hospital discharge.  (Doc. No. 35 at 7).  Defendants Clark, John Doe II, Bell, and McDaniel denied his grievance.  (*Id*. at 7).  As discussed *supra*, because prisoners do not have a "constitutional entitlement to a specific grievance procedure" there is no claim stated against Defendants for the improper denial of his grievances.  *Rameriz*, 334 F.3d at 860.  Thus, Defendants Clark, John Doe II, Bell, and McDaniel's respective roles in Plaintiff's administrative appeal are not a legitimate basis for liability under § 1983.  As a result, the FAC fails to state a cognizable claim against Defendants Clark, John Doe II, Bell and McDaniel for denying his grievance.

### 3.   First Amendment – Retaliation

Prisoners have First Amendment rights to file a grievance or civil rights complaint against correctional officials.  *Brodheim v. Cry*, 584 F. 3d 1262, 1269 (9th Cir. 2009).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

1     *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). A retaliatory motive may be shown

2     by the timing of the allegedly retaliatory act or other circumstantial evidence, as well as direct

3     evidence. *Bruce v. Ylst,* 351 F.3d 1283, 1288–89 (9th Cir.2003); *McCollum v. Ca. Dep't of Corr.*

4     *And Rehab*., 647 F.3d 870, 882 (9th Cir. 2011). Mere speculation that a defendant acted out of

5     retaliation is not sufficient. *Wood v. Yordy,* 753 F.3d 899, 904 (9th Cir.2014) (citing cases).

6        Plaintiff alleges former CDCR Secretary Defendant Diaz, authorized "offensive conduct"

7     against him because he filed § 1983 suits against state law enforcement personnel and

8     correctional staff for unspecified acts committed against him while he was in CDCR's custody.

9     (Doc. No. 35 at 7). Plaintiff complains that he was subjected to pepper spray when he refused to

10    exit the shower and apparently attributes the pepper spray as part of the "offensive conduct"

11    Defendant Diaz authorized against Plaintiff. (*Id*. at 9). In wholly conclusory fashion, Plaintiff

12    claims Defendant Diaz retaliated against him because Plaintiff filed grievances and used self-

13    defense while at California State Prison Corcoran on December 5, 2016. (*Id*. at 7).

14       Plaintiff also claims Defendant Xavier Becerra carried out Defendant Diaz's retaliation

15    against Plaintiff by securing a false criminal conviction against Plaintiff. (*Id*.). While not named

16    as Defendants, Plaintiff states Deputy Attorney General Aldo Zillis also carried out Secretary

17    Diaz's retaliation by filing a "sham affidavit" in support of a "Rule 65 motion" in one of

18    Plaintiff's § 1983 actions. (*Id*.).

19       The FAC alleges no facts from which can infer that Defendant Diaz had a retaliatory

20    motive to order "offensive conduct" against Plaintiff because Plaintiff filed lawsuits or

21    purportedly used self-defense. As an initial matter, Plaintiff's First Amendment retaliation claim

22    appears time-barred because the alleged retaliation by Defendant Diaz occurred around December

23    5, 2016. Nevertheless, even assuming that the claim is not time-barred, Plaintiff's claim is

24    conclusory and devoid of any fact that would indicate a retaliatory motive by Defendant Diaz.

25    *See McCollum*, 647 F.3d at 882. The FAC does not contain sufficient facts to show a proximity

26    between the filing of any particular complaint by Plaintiff and the date Defendant Diaz ordered

27    "offensive conduct" against Plaintiff.

28       The only allegation regarding California's then-Attorney General, Xavier Becerra, is that

1  he wrongfully convicted Plaintiff in order to carry out Defendant Diaz's retaliation against

2  Plaintiff.  Such bare facts do not plausibly state a claim.  As a prosecutor, Defendant Becerra is

3  entitled to prosecutorial immunity for performing traditional functions as a prosecutor.  *Kalina v.*

4  *Fletcher*, 522 U.S. 118, 131 (1997).  For the same reason, Plaintiff's claims against Deputy

5  Attorney General Aldo Zillis stemming from his filing of a "sham affidavit" without any facts

6  linking the actions to any protected action taken by Plaintiff is merely conclusory and insufficient

7  to state a claim.  Finally, there are no allegations that Defendant Diaz expressed any opposition to

8  Plaintiff exercising his right to file a complaint, nor are there any facts to indicate Defendant Diaz

9  ordered Deputy Attorney General Zillis file a "sham affidavit."  Plaintiff's First Amendment

10  retaliation claims against Defendants Diaz and Becerra are woefully inadequate to state a

11  cognizable First Amendment claim.

**4.  Eighth Amendment – Excessive Use of Force**

13  Inmates who sue prison officials for injuries sustained while in custody may do so under

14  the Eighth Amendment's Cruel and Unusual Punishment Clause.  *Bell v. Wolfish*, 441 U.S. 520

15  (19790); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045

16  (9th Cir. 2006).  To constitute cruel and unusual punishment in violation of the Eighth

17  Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."

18  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "In its prohibition of 'cruel and unusual

19  punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use

20  excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

21  "[W]henever prison officials stand accused of using excessive physical force in violation of the

22  [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith

23  effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v.*

24  *McMillian*, 503 U.S. 1, 6-7 (1992).  When determining whether the force was excessive, the

25  Court looks to the "extent of injury suffered by an inmate . . . the need for application of force,

26  the relationship between that need and the amount of force used, the threat 'reasonably perceived

27  by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"

28  *Id*. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  While *de minimis* uses of physical

12

force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

Force does not amount to a constitutional violation if it is "applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  To survive dismissal, Plaintiff must allege facts indicating the person who used pepper spray on him acted without a good faith effort to restore discipline and order or possessed malicious and sadistic intent.  Here, no such facts are alleged.  Plaintiff admits he was protesting, refused to exit the shower, and demanded to be moved to another housing unit.  As a result of Plaintiff's refusal to exit the shower stall, Defendant Greene administered OC spray. The FAC alleges no facts that suggest Defendant's use of pepper spray was not done in a good faith effort to restore discipline.  Therefore, the FAC fails to state a cognizable Eighth Amendment claim.

While Plaintiff alleges that Defendant Lesniak ordered Defendant Cruz or Greene to use pepper spray against Plaintiff despite having knowledge that Plaintiff would have an adverse reaction due to an unspecified medical condition.  Plaintiff's FAC is devoid of any fact explaining what Plaintiff's purported medical condition is and how Defendant Lesniak was aware of his medical condition.  Plaintiff was already warned in the undersigned's January 3, 2023, Screening Order that his excessive use of force claim failed to state a cognizable claim, yet he still fails to allege sufficient facts to remedy this deficiency and state a cognizable claim in his FAC.  (Doc. No. 33 at 9).

Finally, Plaintiff alleges that officials wrote false rule's violation report related to the pepper spray incident.  Even if the Court considers Plaintiff's claim that the disciplinary reports were false, the claim fails as a matter of law.  The filing of a false disciplinary report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29,

13

2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010).  Thus, even assuming that the rules violation report was false, it does not state a standalone constitutional claim.  *Canovas v. California Dept. of Corrections*, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014).

### 5. Supervisors and Administrators

The FAC also names various state and local officials including Defendant Diaz, former Secretary of CDCR; Becerra, former Attorney General of California; Defendant Keith Fagundes, former Kings County District Attorney; the Kings County Board of Supervisors; Defendant Randy Edwards, Judicial Officer at Kings County Superior Court; and Defendant Ken Clark, Warden at CSP-Corcoran for unconstitutional conditions of confinement, denial of access to the courts and medical care, excessive use of force, and filing false reports.  (Doc. No. 35 at 7-8, 11). Finally, Plaintiff faults Defendant Fagundes because he refused to criminally charge anyone for the aforementioned acts despite Plaintiff's request.  (*Id*. at 7-8).

Liability under section 1983 arises upon a showing of personal participation by the defendant.  "There is no respondeat superior liability under section 1983."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to prevent them.  *Id*., *see also Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

Plaintiff has not alleged any facts to support a theory that Defendants Diaz, Becerra,

1   Fagundes, Clark, Edwards, or the Kings County Board of Supervisors are responsible for the

2   conditions of Plaintiff's confinement which include denying him access to the courts, denying

3   him medical care, subjecting him to excessive force, and filing false reports against him.  Further,

4   it is well known that the decision to bring criminal charges against an individual lies within the

5   prosecutorial discretion of the prosecutor.  Therefore, Plaintiff has not alleged any cognizable

6   claim against Defendants Diaz, Becerra, Fagundes or the County of Kings Board of Supervisor.

7                           **FINDINGS AND RECOMMENDATIONS**

8           Based on the above, the undersigned finds Plaintiff's FAC violates Fed. R. Civ. P. 8,

9   improperly includes unrelated claims and defendants in violation of Fed. R. Civ. P. 18 and 20,

10  and, even if liberally construed, does not state a cognizable claim against any of the named

11  Defendants.  Plaintiff had the opportunity to cure the deficiencies in his prior complaint.  (*See*

12  Doc. No. 33).  Further, despite the Court's warning in the January 2, 2023, screening order that

13  Plaintiff may not assert unrelated claims in his FAC, Plaintiff willfully ignored the instruction and

14  re-asserted unrelated claims in violation of Fed. R. Civ. P. 18(a) and 20(a)(2).  Plaintiff's

15  continued filing of unrelated claims demonstrates that Plaintiff cannot cure the deficiencies

16  identified above with a second amended complaint and also is evidence of bad faith.  Thus, the

17  undersigned recommends the district court dismiss the FAC without further leave to amend.

18  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258,

19  1261 (9th Cir.1992) (noting discretion to deny leave to amend is particularly broad where court

20  has afforded plaintiff one or more opportunities to amend his complaint).

21          Accordingly, it is **RECOMMENDED**:

22          The FAC be dismissed under § 1915A for failure to state a claim and the action be

23  dismissed with prejudice.

24                           **NOTICE TO PARTIES**

25          These findings and recommendations will be submitted to the United States district judge

26  assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

27  days after being served with these findings and recommendations, a party may file written

28  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

1    Findings and Recommendations." Parties are advised that failure to file objections within the

2    specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

3    838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5    Dated:     February 27, 2023

6                                       HELENA M. BARCH-KUCHTA

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28