**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | Case No.  1:20-cv-00349-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RULE 60 RELIEF FROM JUDGMENT<br><br>(Doc. 41) |

Plaintiff initiated this case on March 3, 2020, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California. (Doc. 1.) On March 4, 2020, the case was transferred to the Eastern District of California. (Doc. 4.) On January 3, 2022, the magistrate judge screened the complaint and found that it improperly joined unrelated claims in violation of Federal Rules of Civil Procedure 18 and 20, and that it failed to state any cognizable claim. (Doc. 33.) With leave of the Court, Plaintiff timely filed his first amended complaint on January 24, 2022. (Doc. 35.)

On February 27, 2023, the magistrate judge issued findings and recommendations to dismiss the FAC for essentially the same reasons provided in the screening order. (Doc. 36.) The findings and recommendations warned Plaintiff that he had fourteen days to file objections. (*Id*. at 1, 15-16.) On March 2, 2023, the Court received a notice of change of address from Plaintiff indicating he had been transferred to Pelican Bay State Prison, (Doc. 37), but no objections were

received by the relevant deadline. (*See* Docket.) On March 27, 2023, the Court adopted the findings and recommendations and judgment against Plaintiff. (Docs. 38, 39.)

On March 29, 2023, Plaintiff late-filed objections to the findings and recommendations, and on June 8, 2023 Plaintiff a motion for relief from the judgment. (Docs. 40, 41.) Among other things, Plaintiff argues that his objections should be considered because his transfer to Pelican Bay delayed his receipt of the findings and recommendations. (*Id*. at 4-5.) In addition, Plaintiff argues that because courts are required to liberally construe pro se pleadings, he should be permitted to proceed on his FAC. (*Id*. at 5-6.)

As a threshold matter, Plaintiff's transfer from one place of incarceration to another during the relevant timeframe is a sufficient reason to excuse the fact that he filed his objections approximately two weeks late. (Doc. 41 at 4.) Therefore, the Court will consider the objections as though they had been timely filed. Even doing so, the outcome remains the same. As the magistrate judge explained, the FAC violates Rule 8 because it is "rambling and is a collection of run-on sentences interspersed with random facts." (Doc. 36 at 7.) In addition, numerous claims have been improperly joined. (*Id*. ("The FAC is disjointed and alleges disparate claims against multiple state prosecutors, county officials and correctional staff spanning a four-year period.").) The magistrate judge also explained why the claims fail to plead cognizable causes of action. (*Id*. at 8–15.)

Plaintiff's lengthy objections do not meaningfully address the magistrate judge's reasoning. Of note, as has been explained to Plaintiff numerous times, unrelated claims cannot be joined together into a single lawsuit, and Plaintiff cannot overcome this misjoinder by alleging a wide-ranging, yet conclusory conspiracy. (*See* Doc. 36 at 7.) Therefore, the Court finds no reason to set aside the judgment and the motion for relief from judgment (Doc. 41) is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 10, 2023**

UNITED STATES DISTRICT JUDGE

2